**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MAURICE HENRY,**

   **Plaintiff,**

**vs.**                                                       **Case No.  4:20cv529-MW-MAF**

**ARAMARK,
and the LEON COUNTY
DETENTION FACILITY, et al.,**

   **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, a pro se detainee in the Leon County Jail, initiated this case

by submitting a document titled as a "petition for writ of mandamus."  ECF

No. 1.  Plaintiff was granted in forma pauperis status, ECF No. 5, and

required to file a proper complaint if he believed there was a basis to

proceed with this case.  ECF No. 6.  In particular, Plaintiff was advised that

a federal court lacks authority to issue a mandamus against persons who

are not federal officials.  *Id.* (quoting 28 U.S.C. § 1361).  Plaintiff was

directed to consider whether it was proper to continue this case and, if he

desired to continue, Plaintiff was required to file a "complaint" in

compliance with Rule 8 of the Federal Rules of Civil Procedure by January

4, 2021.  ECF No. 6.  In effect, Plaintiff has twice been directed to file a

proper complaint.  ECF Nos. 3, 6.  As of this date, Plaintiff has not

complied, despite being warned that if he failed to comply, a

recommendation to dismiss this case would be made. ECF No. 6.

This Court lacks jurisdiction to issue a mandamus to compel

Aramark, the operator of the canteen at the jail, "to perform the duties

imposed by Aramark's contractual obligations."  See ECF No. 1 at 1.

Plaintiff has also not filed a complaint which demonstrates the violation of a

federal statute or the Constitution as required.  Accordingly, this action

should now be dismissed.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for

lack of jurisdiction over a request for mandamus, and for failure to state a

claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

Further, it is also **RECOMMENDED**, and that the Order adopting this

Report and Recommendation direct the Clerk of Court to note on the

docket that this cause was dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida, on January 12, 2021.


 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**